Benjamin C. Deming (SBN 233687)
DNL ZITO
3232 McKinney Ave, Suite 500
Dallas, TX 75204
(214) 799-1145
bdeming@dnlzito.com

*Attorneys for Plaintiff*
*Urban Aeronautics, Ltd.*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

URBAN AERONAUTICS, LTD.,

               Plaintiff,

v.

JOBY AVIATION, INC., and JOBY AERO, INC.,

               Defendants.

Case No.:5:26-cv-6139

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Urban Aeronautics, Ltd. (UAL), by its undersigned counsel, alleges as follows for its Complaint against Defendants Joby Aviation, Inc. and Joby Aero, Inc. (collectively, "Joby").

## THE NATURE OF THIS ACTION

1.     UAL brings this action against Joby pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 7,946,528 entitled "Flight Control System Especially Suited for VTOL Vehicles."  Defendants have been made aware of the '528 Patent at least as early as June 27, 2025 and continue to infringe.

## THE PARTIES

2.     Plaintiff UAL is an Israeli company with an address at 10 Nahal Snir Street, Yavne 8122447, Israel.  Plaintiff is the owner by assignment of the '528 Patent, as shown on the cover page of the '528 Patent.

- 1 -

3. Defendant Joby Aviation, Inc. is a Delaware corporation with a headquarters at 333 Encinal Street, Santa Cruz, California 95060.

4. Defendant Joby Aero, Inc. is a Delaware corporation with a headquarters at 333 Encinal Street, Santa Cruz, California 95060.

5. Joby, makes, uses, offers to sell, and sells the accused eVTOL aircraft, including the models known as the Joby S4, S4 2.0, JAS4-1 and SHy4 ("Joby Aircraft") throughout the United States. The Joby Aircraft include all of the elements of at least one of the apparatus claims of the '528 Patent and when used practice all of the elements of at least one of the method claims of the '528 Patent. Thus Defendants' actions in making, using, offering to sell and selling of the Joby Aircraft are acts of direct infringement of the '528 Patent and Defendant's inducement of the use of the Joby Aircraft by others are acts of induced infringement.

6. Defendants manufacture, use, offer for sale, sell, provide, distribute, license, supply, and service the Joby Aircraft, which include the claimed aircraft flight control system and/or use the claimed method of the '528 Patent in operation throughout the United States.

7. Defendants have induced customers of Defendants to use the Joby Aircraft and to practice the claimed method of the '528 Patent throughout the United States.

**JURISDICTION AND VENUE**

8. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

9. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

10. This Court has personal jurisdiction over Defendants because Defendants are headquartered in this District.

11. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendants are headquartered in this District and have committed acts of infringement in this District.

**BACKGROUND AND GENERAL ALLEGATIONS**

12. The inventor of the patent-in-suit, Rafi Yoeli, is an Israeli pilot who served as a reserve officer in the Israeli Air Force. He is also an inventor and the designer of two proposed

- 2 -

COMPLAINT (Case No. 5:26-cv-6139)

flying cars, the Urban Aeronautics X-Hawk/CityHawk and the Tactical Robotics Cormorant. He was also the CEO of Plaintiff Urban Aeronautics, the owner of the '528 Patent by assignment from Mr. Yoeli.

13. Mr. Yoeli worked for Israel Aerospace Industries Ltd., Boeing, and Aero Design & Development Ltd. Urban Aeronautics, Ltd. was founded by Mr. Yoeli in 2000. Tactical Robotics, a subsidiary of Plaintiff UAL, designed and tested the Tactical Robotics Cormorant, while UAL developed the X-Hawk and CityHawk vehicles.

14. The Cormorant's first flight was in 2010 and flew fully autonomous in 2013. The X-Hawk/City Hawk also had flights in 2010. UAL has been on the forefront of VTOL aircraft for urban transportation for over a decade.



15. Mr. Yoeli's pioneering work in the VTOL field has benefitted the advancement of technology and has inspired others. He holds numerous patents for his work in this field, including the '528 Patent asserted in this matter. He has been recognized by numerous organizations and publications for his work in VTOL urban craft and military support and rescue VTOL vehicles.

16. UAL, led by Dr. Yoeli, has worked to solve many of the problems that are inherent in multi-rotor flying vehicle designs. One challenge that UAL worked to overcome was maintaining controllability and allowing a safe landing of the aircraft in the event of a subsystem failure. UAL developed a novel system that allows aircraft to operate at reduced power and performance sufficient to allow a safe emergency landing to be completed. This system is described and claimed in the '528 Patent, among others.

17. The '528 Patent protects UAL's innovative control system which is vital to VTOL safety. This system has been incorporated into modern VTOL craft.

- 3 -

**U.S. PATENT NO. 7,946,528**

18. On May 24, 2011, United States Patent No. 7,946,528 was duly and legally issued by the United States Patent and Trademark Office. The '528 Patent claims patent-eligible subject matter and is valid and enforceable. UAL is the exclusive owner of all rights, title, and interest in the '528 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '528 Patent.

19. Defendants are not licensed to the '528 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '528 Patent whatsoever. A true and correct copy of the '528 Patent is attached hereto as **Exhibit A**.

20. UAL is the current owner and assignee of the patent-in-suit.

21. The '528 Patent is presumed valid under 35 U.S.C. § 282. Plaintiff has at all times complied with 35 U.S.C. § 287.

22. The claims of the '528 Patent are directed to "An aircraft flight control system having plural control subsystems with redundancies…" (claims 1-9) and to "A method for providing aircraft flight control utilizing plural control subsystems with redundancies…" (claims 10-18). Claim 1 of the '528 Patent recites:

> *Claim 1. An aircraft flight control system having plural control subsystems with redundancies organized so as to provide continued but degraded control power over critical aircraft flight operating parameters even if any one complete control subsystem catastrophically fails, said system comprising:*
>
> *a plurality of pilot controlled input sensors associated with each of a plurality of degrees of freedom in aircraft flight movement;*
>
> *a plurality of aircraft flight control actuators associated with each of the plurality of degrees of freedom in aircraft flight movement;*
>
> *a plurality of aircraft flight state sensors associated with each of a plurality of aircraft flight state conditions including at least altitude and speed;*
>
> *the plural control subsystems, each having at least one control computer subsystem connected to (a) receive inputs from at least one of said pilot controlled input sensors for each of said plurality of degrees of freedom, (b) receive inputs from at least one of said flight state sensors for each of said plurality of aircraft flight conditions, and (c) provide outputs to at least one of said flight control actuators associated with each of said plural degrees of freedom:*

*said inputs and outputs to the control computer subsystem of each of said plural control subsystems being selected such that a catastrophic and complete failure of any one of said plural control subsystems causes continued control power over critical aircraft flight parameters by remaining unfailed ones of said plural control subsystems, degraded to less than 100% of total available control power, but sufficient to permit controlled aircraft descent to a landing.*

## INFRINGEMENT

23. Joby uses, offers for sale, sells, provides, distributes, licenses, supplies, and services VTOL aircraft, including the Joby S4, S4 2.0, JAS4-1 and SHy4 ("Joby Aircraft") which infringe the claims of the Patents-in-Suit.



24. These are the Joby Aircraft currently known to Plaintiff. Other infringing Joby aircraft may be identified through discovery.

25. The accused Joby Aircraft infringe system claims 1-5, and 9 and, in use, infringe method claims 10-14 and 18 of the '528 Patent.

26. Defendants manufacture, use, offer for sale, sell, provide, distribute, license, supply, and service Joby Aircraft which include control subsystems with redundancies configured to provide continued but degraded control power over critical aircraft flight operating parameters even if any one complete control subsystem catastrophically fails. The Joby Aircraft infringe claims of the Patent-in-Suit.

27. Prior to filing this action, UAE sent a letter to Archer dated June 27, 2025, offering Joby to consider a license under the '528 Patent. A copy of this letter is attached as **Exhibit B**. As

COMPLAINT (Case No.  5:26-cv-6139)

a result, Joby had an actual knowledge of the '528 Patent since receipt of that letter and through the claim charts that were attached to that letter Joby was aware of the infringement.

28.    Defendants have, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '528 Patent, by manufacturing, using, offering for sale, selling, providing, distributing, licensing, suppling, servicing and/or importing into the United States, Defendants' Joby Aircraft.

29.    Defendants also indirectly infringe the '528 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b).  Defendants have knowingly and intentionally actively induced others to directly infringe at least one claim of the '528 Patent by providing Joby Aircraft which are "used" and by providing instruction for customers to use to provide aircraft flight control to devices throughout the United States.

30.    Defendants have, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '528 Patent, by making, using, selling, or offering to sell, or providing control subsystems with redundancies organized so as to provide continued but degraded control power over critical aircraft flight operating parameters even if any one complete control subsystem catastrophically fails.

31.    Plaintiff has conducted a detailed analysis, establishing and confirming that Defendants' Joby Aircraft directly infringe.

32.    A demonstration of the correspondence of the operation of the Joby Aircraft with elements of an exemplary but non-representative claim of the '528 Patent is included below and detailed in the claim charts attached hereto as part of **Exhibit B**.

33.    The Joby Aircraft include the flight control system in the preamble of Claim 1 and as claimed in the elements of Claim 1 of the '528 Patent, as evidenced by the information describing the Joby Aircraft below:

- 6 -

*[Claim 1.preamble] An aircraft flight control system having plural control subsystems with redundancies organized so as to provide continued but degraded control power over critical aircraft flight operating parameters even if any one complete control subsystem catastrophically fails, said system comprising:*

- Safety features: Distributed Electric Propulsion (DEP), provides safety through redundancy for its passengers and/or cargo. DEP means having multiple propellers (or ducted fans) and motors on the aircraft so if one or more propellers (ducted fans) or motors fail, the other working propellers (or ducted fans) and motors can safely land the aircraft. There are also redundancies of critical components in the sub-systems of the aircraft. The aircraft can also land like an airplane if necessary and has reserve battery power if there is an unexpected delayed when landing.



FIG. 5

*[1.a] a plurality of pilot controlled input sensors associated with each of a plurality of degrees of freedom in aircraft flight movement;*



FIG. 9

- 7 -

*[1.b]  a plurality of aircraft flight control actuators associated with each of the plurality of degrees of freedom in aircraft flight movement;*



FIG. 7

*[1.c] a plurality of aircraft flight state sensors associated with each of a plurality of aircraft flight state conditions including at least altitude and speed;*



FIG. 9

*[1.d]  The plural control subsystems, each having at least one control computer subsystem connected to (a) receive inputs from at least one of said pilot controlled input sensors for each of said plurality of degrees of freedom, (b) receive inputs from at least one of said flight state sensors for each of said plurality of aircraft flight conditions, and (c) provide outputs to*

*at least one of said flight control actuators associated with each of said plural degrees of freedom:*



FIG. 7

*[1.e] said inputs and outputs to the control computer subsystem of each of said plural control subsystems being selected such that a catastrophic and complete failure of any one of said plural control subsystems causes continued control power over critical aircraft flight parameters by remaining unfailed ones of said plural control subsystems, degraded to less than 100% of total available control power, but sufficient to permit controlled aircraft descent to a landing.*



FIG. 5

34.    Defendants have infringed at least claims 1-5, 9-14 and 18 of the '528 Patent, under 35 U.S.C. § 271(a) and/or (c), by: (i) making, using, distributing, offering to sell, selling and/or importing into the United States, systems that infringe the asserted claims and by performing the claimed methods in the United States (35 U.S.C. § 271(a)); (ii) by inducing infringement of others and by inducing others to use the Joby Aircraft and/or sell the Joby Aircraft and/or to perform the claimed methods in the United States (35 U.S.C. § 271(b)).

35.    By engaging in accused activity including making, using, distributing, offering to sell, selling and importing Joby Aircraft in the United States, Defendants infringe claims of the '528 Patent.

36.    Upon information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '528 Patent under 35 U.S.C. §271(a) ("whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.") by engaging in accused activity including making, using, distributing, offering to sell, selling and importing Joby Aircraft and/or practicing the methods of the claims of the '528 Patent with Joby Aircraft in the United States.

37.    Upon information and belief, Defendants have indirectly infringed and continue to indirectly infringe one or more of the asserted claims under 35 USC §271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer.") by (i) providing Joby Aircraft which include an infringing system and are used by customers, which use is an act of direct infringement and (ii) by providing Joby Aircraft which when used directly infringe the method claims by practicing the claimed method of aircraft control.

38.    Neither Defendants nor their customers have a license or authority to use or practice the '528 Patent.

39.    Upon information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations.

40.    Defendants have been on notice of their infringement of the '528 Patent since June 27, 2025, when written correspondence was sent to Defendants identifying the infringing activities,

accused Joby Aircraft , and identifying the '528 Patent.  Defendants have since that time and is now intentionally continuing their knowing infringement.

41. As a result of Defendants' infringement of the '528 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

<strong>COUNT I</strong>

<strong>DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,946,528</strong>

42. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

43. Defendants have infringed at least claim 1-5, 9-14 and 18 of the '528 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Joby Aircraft in the United States.

44. Defendants do not have license or authority to the '528 Patent.

45. As a result of Joby's infringement of the '528 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

<strong>COUNT II</strong>

<strong>INDIRECT  INFRINGEMENT OF U.S. PATENT NO.  7,946,528</strong>

46. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

47. Upon information and belief, Defendants have indirectly infringed one or more of the claims of the '528 Patent under 35 U.S.C. §271(b) by inducing infringement of the '528 patent through use of Joby Aircraft by their customers and by inducing the practicing of the method claims of the '528 Patent by their customers.

48. Defendants do not have license or authority to the '528 Patent.

49. As a result of Joby's infringement of the '528 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

<strong>PRAYER FOR RELIEF</strong>

Wherefore, Plaintiff prays for the following relief:

COMPLAINT (Case No.  5:26-cv-6139)

a.    For Judgment declaring that Joby has infringed the '528 Patent;

b.    For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '528 Patent in an amount to be determined at trial of at least a reasonable royalty;

c.    For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

d.    For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

e.    For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and

f.    For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

June 19, 2026                          Respectfully submitted,

*/s/ Benjamin C. Deming*
Benjamin C. Deming (233687 CA)
DNL ZITO
3232 McKinney Avenue, #500
Dallas, Texas 75204
214-799-1145
bdeming@dnlzito.com

Joseph J. Zito (*pro hac vice* to be filed)
DNL ZITO
1250 Connecticut Ave NW, Suite 700
Washington, DC 20036
202-466-3500
jzito@dnlzito.com

*Attorneys for Plaintiff*

- 12 -